FELLOWS v. BORDEN'S CONDENSED MILK CO. (Circuit Court of Appeals, Second Circuit. May 8, 1911. On Rehearing. May 23, 1911. On Further Rehearing, June 6, 1911. On Motion to Amend Mandate, June 29, 1911.) Appeal from the Circuit Court of the United States for the Southern District of New York. Bill by Olin S. Fellows against the Borden's Condensed Milk Company. Decree for defendant (180 Fed. 421), and complainant appeals. Affirmed and remanded, with leave to file supplemental bill. Gifford & Bull (Livingston Gifford and Emilius W. Scherr, Jr., of counsel), for appellant. Masten & Nichols (Walter D. Edmonds, of counsel), for appellee. Before COXE, WARD, and NOYES. Circuit Judges.

PER CURIAM. Decree affirmed, with costs, on the opinion of Judge Ray. 180 Fed. 421.

## On Rehearing.

PER CURIAM. The petition for a rehearing presents the somewhat novel question whether, after the claims of a patent have been held invalid by the Circuit Court and by the Circuit Court of Appeals, with no suggestion of a disclaimer, a reargument should be granted and a disclaimer allowed, if the court on such reargument should find that the invalid claims can be sustained if restricted to more limited combinations. We have concluded that it will aid the court in the proper disposition of this application if the counsel for

the defendant, as soon as convenient after receiving a copy of the petition for rehearing from complainant's counsel, presents his views briefly upon the questions involved.

### On Further Rehearing.

PER CURIAM. We think the cause was properly decided by the Circuit Court upon the record and that the petition for a rehearing should be denied. We express no opinion as to the right of the complainant to a disclaimer, and the denial of this petition is, of course, without prejudice to any proceedings which he may take in that regard.

### On Motion to Amend Mandate.

COXE, Circuit Judge. Since our decision affirming the decree of the Circuit Court, the complainant has filed a disclaimer as to letters patent No. 595,705, and now asks that the mandate be so amended as to permit him to present the questions arising upon this new issue. The motion is opposed: First—On the ground that the disclaimer was not entered in time, and Second—On the ground that the issues presented by the disclaimer can only be decided in a new suit begun in the Circuit Court. We are not persuaded that either ground is well taken. We cannot say at this time that the complainant was guilty of unreasonable neglect or delay in waiting for the decision of this court before entering his disclaimer. There is no reason why the questions arising upon the disclaimer should not be presented in the pending suit. Indeed, it seems that it is for the interest of both parties that they should be saved the expense and delay of a new action. Whether a disclaimer should have been allowed, whether it was presented in time and what its effect may be upon the patent, are questions which should be decided by the Circuit Court before being passed on by this court. We therefore desire to reiterate what we said in denying the petition for a rehearing, that we express no opinion, inferentially or otherwise, upon any question relating to the disclaimer. We decide that these questions may be presented in the pending suit and we decide nothing else. The motion is granted and the mandate is amended by inserting before the words "Witness, the Honorable," the following: "You are further directed to entertain, upon such terms as may be just, an application by the complainant for leave to file a supplemental bill in the nature of a bill of review, or for leave to adopt other appropriate methods to review the decision on his patent in suit 595,705 on account of disclaimer, and in the event of permitting said bill to be filed or other proceeding to be instituted, you are directed to proceed therewith accordingly."

NOYES, Circuit Judge, dissents.